IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **LEONARD WILLIAM WILLIS, JR.,** | : | |
| | : | |
| Petitioner, | : | NO. 5:09-CR-31/5:12-CV-90135 (MTT) |
| | : | NO. 5:09-CR-67/5:12-CV-90136 (MTT) |
| VS. | : | NO. 5:09-CR-69/5:12-CV-90137 (MTT) |
| | : | NO. 5:09-CR-73/5:12-CV-90138 (MTT) |
| **UNITED STATES OF AMERICA,** | : | |
| | : | Proceedings under 28 U.S.C. § 2255 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Petitioner Leonard William Willis, Jr. has filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. 2255 in each of the above-styled cases.[1] Petitioner was charged with multiple counts of bank robbery in various courts in Georgia and Florida. Petitioner's cases were transferred to this Court and consolidated for the purposes of entering a guilty plea and sentencing. Petitioner pleaded guilty to eight counts of bank robbery and was sentenced to 300 months imprisonment followed by three years of supervised release.

In his motions as amended, Petitioner contends (1) that his guilty plea was not knowing and voluntary because counsel misinformed him regarding his maximum sentencing exposure, and (2) that he received ineffective assistance of counsel because counsel did not correctly advise him of his sentencing exposure. Because the record shows that the Court properly informed Petitioner of his sentencing exposure at the change of plea hearing, Petitioner has failed to show that his guilty plea was unknowing or involuntary, or that he received ineffective assistance of counsel. Accordingly, it is hereby **RECOMMENDED** that Petitioner's motions be **DENIED**.

---

[1] Petitioner filed copies of his Section 2255 motion in each of his cases challenging his convictions and sentences. 5:09-CR-31 (MTT) at Doc. 56; 5:09-CR-67 (MTT) at Doc. 30; 5:09-CR-69 (MTT) at Doc. 31; 5:09-CR-73 (MTT) at Doc. 28. Petitioner also filed an amended motion in case number 5:09-CR-73. 5:09-CR-73 at Doc. 31.

1

## BACKGROUND

**1. Course of Proceedings**

Petitioner was indicted in four different courts for robbing various banks in Georgia and Florida. On April 9, 2009, an indictment was returned in the United States District Court for the Southern District of Georgia, Dublin Division, charging Petitioner with one count of bank robbery in violation of 18 U.S.C. § 2113(a). 5:09-CR-69 at Doc. 1-1. On April 23, 2009, an indictment was returned in this Court charging Petitioner with three counts of bank robbery in violation of 18 U.S.C. § 2113(a). 5:09-CR-31 at Doc. 1. On June 10, 2009, an indictment was returned in the United States District Court for the Middle District of Florida, Orlando Division, charging Petitioner with three counts of bank robbery in violation of 18 U.S.C. § 2113(a). 5:09-CR-67 at Doc. 1-1. On August 20, 2009, an indictment was returned in the United States District Court for the Middle District of Florida, Jacksonville Division, charging Petitioner with one count of bank robbery in violation of 18 U.S.C. § 2113(a). 5:09-CR-73 at Doc. 1.

In October and November 2009, Petitioner's Southern District of Georgia case and two Middle District of Florida cases were transferred to this Court pursuant to Rule 20 of the FEDERAL RULES OF CRIMINAL PROCEDURE. Following the transfer and consolidation of the cases, discovery, and plea negotiations, Petitioner agreed to plead guilty to the charges on December 22, 2009. 5:09-CR-31 at Doc. 31; 5:09-CR-67 at Doc. 9. Petitioner entered into two separate plea agreements, one regarding case 5:09-CR-31 and one regarding cases 5:09-CR-67, 5:09-CR-69, and 5:09-CR-73. Id. Petitioner agreed to plead guilty to eight counts of bank robbery. Id. Petitioner pleaded guilty to the charges in all four cases during change of plea hearing on December 22, 2009. 5:00-CR-31 at Doc. 49.

On March 25, 2010, Petitioner appeared in this Court for sentencing on all four cases. Id. at Doc. 50. At sentencing, Petitioner made various objections to the Presentence Investigation Report (PSR). Id. The Court overruled Petitioner's objections and accepted the PSR's findings. Id. Because Petitioner had a total offense level of 31 and a criminal history category of V, Petitioner's advisory sentencing guideline range was 168 to 200 months. Id. The Court found that an upward departure from the guidelines range was warranted, however. Id. Specifically, the Court noted several factors taken into account in the decision to vary upward, including: (1) the total number of offenses committed by Petitioner exceed the sentencing guidelines multiple-count grouping limit of five levels, (2) the nature and circumstances of the bank robberies and Petitioner's criminal history called for a greater sentence, (3) the number and nature of the bank robberies were not fully taken into account by the guideline range, and (4) Petitioner's post-arrest conduct, including an assault against a jailer and an attempted escape, warranted an upward departure. Id.

After considering all of these factors, the Court sentenced Petitioner to the following: in case number 5:09-CR-31, 240 months imprisonment on Count One, 60 months imprisonment on Count Two to run consecutive to Count One, and 240 months imprisonment on Count Three to run concurrent to Counts One and Two; in case number 5:09-CR-67, 240 months imprisonment on Counts One, Two, and Three, each to run concurrently with the previous sentence; in case number 5:09-CR-69, 240 months imprisonment on Count One to run concurrently with the previous sentences; and in case number 5:09-CR-73, 240 months on Count One to run concurrently with the previous sentences. As such, Petitioner was sentenced to a total of 300 months imprisonment, followed by three years of supervised release. Petitioner then appealed his

sentence. Id. at Doc 39. The Eleventh Circuit upheld Petitioner's sentences on April 12, 2011. Id. at Doc. 53. On July 18, 2012, Petitioner filed the instant Section 2255 motions.

**2. The Plea Agreements**

On December 22, 2009, Petitioner signed two written plea agreements in which he agreed to plead guilty to eight counts of bank robbery. 5:09-CR-31 at Doc. 31; 5:09-CR-67 at Doc. 9. In one plea agreement, Petitioner agreed to plead guilty to three counts of bank robbery stemming from the indictment in case number 5:09-CR-31. 5:09-CR-31 at Doc. 31. In the other plea agreement, Petitioner agreed to plead guilty to five counts of armed robbery stemming from the indictments in case numbers 5:09-CR-67, 5:09-CR-69, and 5:09-CR-73. 5:09-CR-67 at Doc. 9.

By signing the plea agreements, Petitioner agreed that he understood the following: (1) that he was knowingly and voluntarily entering a plea of guilty to the eight counts in the four indictments charging him with bank robbery in violation of 18 U.S.C. § 2113(a); (2) that his guilty plea subjected him to a **maximum of twenty years imprisonment on each of the eight counts**; (3) that **the Court was not bound by any sentencing estimates provided by Petitioner's counsel or the Government**; (4) that he would not be able to withdraw his plea because he received an estimated guideline range from his counsel or the government that was different than that computed in his PSR; (5) that the Court would not be able to determine the appropriate guideline range until after a PSR was completed; and (6) that **the Court had the authority under certain circumstances to impose a sentence that was more or less severe than the sentence called for by the guidelines**. 5:09-CR-31 at Doc. 31; 5:09-CR-67 at Doc. 9 (emphasis added). The plea agreements also stated that "[n]othing herein limits the sentencing discretion of the Court." Id.

The plea agreements were signed by Petitioner and his counsel. By signing the plea agreements, Petitioner confirmed that he discussed the agreements with his counsel, that he fully understood the agreements, and that he agreed to all terms of the agreements. Id.

## DISCUSSION

Petitioner's motions, as amended, allege two grounds for relief: (1) that his guilty plea was not knowing and voluntary because counsel misinformed him regarding his maximum sentencing exposure, and (2) that he received ineffective assistance of counsel because his counsel did not correctly advise him of his sentencing exposure. Because the record shows that the Court properly informed Petitioner of his sentencing exposure at the change of plea hearing, Petitioner has failed to show that his guilty plea was unknowing or involuntary, or that he received ineffective assistance of counsel.

An evidentiary hearing is not necessary in this case. Petitioner has the burden to establish the need for an evidentiary hearing, and the Court is not required to hold an evidentiary hearing where the record makes "manifest the lack of merit of a Section 2255 claim." United States v. Lagrone, 727 F.2d 1037, 1038. (11th Cir. 1984). As explained below in addressing each of Petitioner's grounds for relief, the files and records in this case are sufficient to show that Petitioner's claims are without merit, and no evidentiary hearing is necessary.

**1. Knowing and Voluntary Guilty Plea**

Petitioner contends that his guilty plea was not knowing and voluntary because he was misinformed by his attorney regarding his maximum sentencing exposure. A guilty plea must be knowing and voluntary. Bradbury v. Wainwright, 658 F.2d 1083, 1086 (11th Cir. 1981). Before accepting a guilty plea, the trial court must ensure that the defendant "has a full understanding of what the plea connotes and of its consequences." Boykin v. Alabama, 395 U.S. 283, 244 (1969).

5

An erroneous prediction of a sentence by counsel does not render a guilty plea involuntary. See Johnson v. Massey, 516 F.2d 1001, 1002 (5th Cir. 1975). Where, as here, a defendant "pleads guilty relying upon his counsel's best professional judgment, he cannot later argue that his plea was due to coercion by counsel." Lagrone, 727 F.2d 1037, 1038 (11th Cir. 1984). Additionally, statements made by a defendant under oath in open court carry a strong presumption of truth and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Although Petitioner contends in this case that he was misinformed regarding his maximum sentencing exposure, the record shows that Petitioner was aware of his maximum sentencing exposure and the consequences of his guilty plea. During the change of plea hearing, there was an extended discussion regarding Petitioner's sentencing exposure and the possible length of time that he could be incarcerated. 5:09-CR-31 at Doc. 49. At the change of plea hearing, Petitioner was informed of the following:

> THE COURT: Each of these counts, Mr. Willis, is a felony and each count carries a range of penalty of what, Mr. Solis?
>
> THE GOVERNMENT: Your honor, each offense carries a maximum term of imprisonment of 20 years….
>
> THE COURT: And is it fair to say that the sentences on each count could be made to run consecutive?
>
> THE GOVERNMENT: They could, Your Honor, however, for the record, the advisory guideline sentences actually group these together. That is to the benefit of this defendant….

Id. The Court and the Government further explained that Petitioner would have otherwise been subjected to statutorily mandated consecutive sentences had the cases not been consolidated pursuant to Rule 20. Id. Petitioner stated that he had discussed his penalty range with his attorney and that he understood the possible range of penalty regarding each count. Id.

Later in the hearing, the Court took further measures to ensure that Petitioner understood that he could possibly be sentenced to 160 years imprisonment:

> THE COURT: Well, what I want to make sure is clear, and I want to make to Mr. Willis, I want to make certain that he understands, that notwithstanding what the guidelines may say…in a worse possible case for himself, he could—it is possible that he could be sentenced to the maximum on every count and each sentence be made to run consecutive, which would be 160 years.
>
> THE GOVERNMENT: That is a possibility.
>
> THE COURT: We are here discussing possibilities.
>
> THE GOVERNMENT: Yes, sir. I would agree with that.
>
> THE COURT: Yes. Do you understand that, Mr. Willis?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And do you understand that, [counsel]?
>
> COUNSEL: I do.
>
> THE COURT: Okay, Mr. Willis, have you and [counsel] discussed the Federal Sentencing Guidelines?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you believe that you understand generally what the guidelines are and how they operate?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: I want you to understand—and this is part and parcel of what we were talking about a second ago. I want you to understand that when you are sentenced by the Court, the Court will not be bound to sentence you in accordance with the provisions of the Federal Sentencing Guidelines. When a sentence is imposed on you, the Court may, in its discretion, sentence you to any term which falls within the range of sentence of the statute or statutes which you may have violated and those sentences could be made to run consecutively. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> …

> THE COURT: And finally, I assume that you and [counsel] have tried to estimate approximately what your sentence may be in these cases, is that true?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: I want to advise you that you cannot rely on any estimate made by anyone at this time as to what your sentence will be, and you should not enter a plea of guilty in reliance on such estimate…Do you understand that?
>
> THE DEFENDANT: Yes, sir.

Id. It is evident from the record, therefore, that Petitioner was informed of his maximum sentencing exposure by the Court. It was also made clear that Petitioner could not rely on any estimates made by his counsel in entering his guilty plea. As such, Petitioner has failed to show that his guilty plea was not knowing and voluntary.

   2. **Ineffective Assistance of Counsel**

Petitioner also contends that he received ineffective assistance of counsel because counsel failed to correctly inform him of his maximum sentencing exposure. The Sixth Amendment of the United States Constitution states that "in all criminal prosecutions, the accused shall enjoy…the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. The right to counsel provision provides the accused the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970).  To prevail on a claim of ineffective assistance of counsel, the petitioner bears the burden of establishing by a preponderance of the evidence that: 1) his attorney's performance was deficient, *and* 2) he was prejudiced by the inadequate performance. Strickland v. Washington, 466 U.S. 668, 687 (1984); Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000). A  petitioner must prove both prongs of the Strickland test to show his counsel was ineffective. Id.

To establish deficient performance, a petitioner must prove that his counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. Chateloin v. Singletary, 89 F.3d 749, 752 (11th Cir. 1996). A strong presumption exists that counsel's performance was reasonable and the challenged action constituted sound strategy. Id. In order to establish that counsel's performance was unreasonable, a petitioner must show that no objectively competent counsel would take the action in question. Van Poyck v. Florida Department of Corrections, 290 F.3d 1318, 1322 (11th Cir. 2002). In the context of a guilty plea, a petitioner must demonstrate that counsel's advice was outside the range of competence demanded of attorneys in criminal cases. Hill v. Lockhart, 474 U.S. 52, 58 (1985). Additionally, Counsel's erroneous sentence estimate does not constitute deficient performance. Cuevas v. United States, 2012 WL 1883761 at * 3 (citing United States v. Himick, 139 Fed. Appx. 227, 229 (11th Cir. 2005).

To establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the outcome of the proceedings would have been different. Strickland, 466 U.S. at 697; Meeks v. Moore, 216 F.3d 951, 960 (11th Cir. 2000). In the context of a guilty plea, a petitioner must establish "that there is a reasonable possibility that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." Hill, 474 U.S. at 58-59. Moreover, the Eleventh Circuit has made it clear that counsel's failure to adequately predict a defendant's ultimate sentence does not amount to prejudice when the defendant is properly warned of his minimum and maximum penalties by the court. See, e.g., United States v. Pease, 240 F.3d 938, 941-42 (11th Cir. 2001). If a petitioner fails to prove that he has suffered prejudice, the court need not address the deficient performance prong of the Strickland test. Holiday v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

As detailed above, the Court thoroughly informed Petitioner regarding his maximum sentencing exposure. Accordingly, Petitioner has failed to show that he was prejudiced by counsel's performance.  The record shows that despite ample opportunities to inform the Court of the alleged promises made by his counsel that might affect his plea, Petitioner unequivocally stated that he understood his plea agreement. Petitioner has not presented evidence that his guilty plea was not knowing and voluntary, or that counsel's performance during the guilty plea stage was deficient in any way. Although Petitioner argues that counsel misinformed him regarding his sentencing exposure, the Court made clear the range of prison time Petitioner faced if he pleaded guilty to the charges. Petitioner stated that he understood, and he pleaded guilty. As such, Petitioner is not entitled to relief based on the failure to receive an accurate estimate of his sentence from his counsel.[2]

## CONCLUSION

For the above reasons, **IT IS RECOMMENDED** that Petitioner's Motions to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be **DENIED**. In addition, and pursuant to the requirements of Section 11(a) of the Rules Governing Section 2255 Proceedings, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court **DENY** a certificate of appealability in its final order.

---

[2] Ordinarily, where a petitioner alleges that his attorney misrepresented the maximum penalty that he faced and that he would not have pleaded guilty had he not been misadvised, an evidentiary hearing is necessary. See United States v. Fairchild, 803 F.2d 1121 (11th Cir. 1986). Where, however, the transcripts of Petitioner's guilty plea hearing and sentencing hearing refute Petitioner's contentions that he was misled about his possible sentence, an evidentiary hearing is unnecessary because "the files and records make manifest the lack of merit" of the claim. Lagrone, 727 F.2d 1037, 1038 (11th Cir. 1984).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served a copy thereof.

**SO RECOMMENDED**, this the 6th day of May, 2013.

                                        s/ Charles H. Weigle_____
                                        Charles H. Weigle
                                        United States Magistrate Judge